FILED
MAY 16 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY ANTONIO MARTIN, :
:
    Plaintiff, :
v. : Civil Action No. 11-0318
:
PUBLIC DEFENDER SERVICE, *et al.*, :
:
    Defendants. :

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff brings this action under 42 U.S.C. § 1983 against the Public Defender Service and two attorneys who represented him in the Superior Court of the District of Columbia. He alleges that counsel advised him that he would be sentenced to time served pursuant to a plea bargain agreement, yet the court imposed a sentence of 10 months' incarceration. In addition, he alleges that defendants advised him to participate in a drug treatment program even though he neither has a drug problem nor fits the criteria of the program. He demands compensatory damages of $300 million.

"To state a claim under [S]ection 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *cert. denied*, 503 U.S. 967 (1992); *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Supreme Court instructs that "a public defender does not act under color of state law

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Courts in this Circuit are bound by the Supreme Court's ruling, and have dismissed civil rights claims against defense counsel on the ground that these attorneys are not state actors when representing clients. *See Miles v. Ugast*, No. 98-5347, 1998 WL 929826, at *1 (D.C. Cir. Dec. 9, 1998) (per curiam), *cert. denied*, 528 U.S. 828 (1999); *Simmons v. Beshouri*, No. 06-0380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006), *aff'd*, 200 Fed. Appx. 3 (D.C. Cir. Oct. 5, 2006); *Rice v. Dist. of Columbia Pub. Defender Serv.*, 531 F. Supp. 2d 202, 204 (D.D.C. 2008). And even if the Public Defender Service were acting under color of District of Columbia law, it could not be held liable for the attorneys' actions. "Section 1983 will not support a claim based on a respondeat superior theory of liability." *Dodson*, 454 U.S. at 325 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Therefore, to the extent that plaintiff's claim against the Public Defender Service rests on a respondeat superior theory, his claims fail. *See id.*

An Order accompanies this Memorandum Opinion.

Ellen S Huvelle
United States District Judge

DATE: 5/12/11